1   Nicholas A. Brown (SBN 198210)
        brownn@gtlaw.com
2   Vera Ranieri (SBN 271594)
        ranieriv@gtlaw.com
3   **GREENBERG TRAURIG, LLP**
4   4 Embarcadero Center, Suite 3000
    San Francisco, CA 94111
5   Telephone: (415) 655-1300
6   Facsimile: (415) 707-2010

7   *Counsel for Movant*
    *Electronic Frontier Foundation*
8

9          **UNITED STATES DISTRICT COURT**
10          **NORTHERN DISTRICT OF CALIFORNIA**

11  PERSONAL AUDIO, LLC **CV 14**         Miscellaneous Action No. **80-025MISC**

12              Plaintiff,                _____
                                          [Action pending in the United States
13          v.                            District Court for the Eastern District of
                                          Texas, Case No. 2:13-cv-13]
14  TOGI ENTERTAINMENT, INC. et al.
                                          **DECLARATION OF DANIEL NAZER**
15              Defendant                 **IN SUPPORT OF THIRD PARTY**
                                          **ELECTRONIC FRONTIER**
16                                        **FOUNDATION'S MOTION TO**
                                          **QUASH AND FOR MOTION FOR**
17                                        **PROTECTIVE ORDER**

18

19

20

21

22

23

24

25

26

27

28

Declaration of Daniel Nazer ISO Motion to Quash and Motion                    Case No._____
for Protective Order

I, DANIEL K. NAZER, declare,

1.      I am a Staff Attorney and Policy Analyst at the Electronic Frontier Foundation. I am admitted to practice in California and New York and in the United States District Court for the Northern District of California, the Eastern District of California, the Central District of California, the Eastern District of Texas, the Ninth Circuit Court of Appeals, and the Supreme Court of the United States.

2.      I have personal knowledge of all of the matters stated in this declaration and if called upon to do so I am competent to testify to all matters set forth herein. All webpages cited in this declaration were last visited on January 27, 2014.

3.      Late in the afternoon on Friday, December 20, 2013, Personal Audio served EFF with a subpoena relating to *Personal Audio LLC v. Togi Entm't, Inc. et al.*, Case No. 2:13-cv-13 (E.D. Tex.) This subpoena commanded EFF to appear at a deposition in San Francisco at 10:00 a.m. on January 10, 2014. Exhibit A is a true and correct copy of the first subpoena served on EFF.

4.      Personal Audio subsequently agreed to extend the first subpoena's response date to 10:00 a.m. January 17, 2014. On January 16, 2014, counsel representing Personal Audio sent an email to counsel representing EFF stating "We hereby withdraw our subpoena. We reserve the right to serve a modified subpoena in the future."

5.      The next day, at approximately 4:50 p.m. on Friday, January 17, 2014, Personal Audio served EFF with a second subpoena relating to *Personal Audio LLC v. Togi Entm't, Inc. et al.*, Case No. 2:13-cv-13 (E.D. Tex.). This second subpoena commands EFF to appear at a deposition in San Francisco at 10:00 a.m. on January 31, 2014. Exhibit B is a true and correct copy of the second subpoena served on EFF.

6.      The Electronic Frontier Foundation ("EFF") is a nonprofit legal services organization that advocates for the rights of digital consumers and innovators. EFF is a donor-funded 501(c)(3) nonprofit organization with over 28,000 dues-paying members. EFF employs 15 attorneys as well as support staff, activists, and staff technologists.

**1**       7.      EFF represents the interests of technology users in litigation and in broader policy

**2** debates surrounding the application of law in the digital age. EFF's activities include impact

**3** litigation, public advocacy and education, and the design of new technologies to help individuals

**4** protect their privacy. EFF also offers pre-litigation counseling and helps individuals and

**5** businesses find legal services from other attorneys.

**6**       8.      A significant part of EFF's work involves protecting the public interest in

**7** ensuring that intellectual property rights promote and do not unfairly inhibit new creativity and

**8** innovation. On April 19, 2004, EFF launched its Patent Busting Project to combat the chilling

**9** effects bad patents have on public and consumer interests. EFF maintains a website about its

**10** Patent Busting Project at: https://www.eff.org/patent-busting. Since it launched its Patent

**11** Busting Project, EFF has filed nine petitions for ex parte reexamination at the Patent and

**12** Trademark Office as well as seven preissuance third-party submissions challenging pending

**13** patent applications.

**14**       9.      EFF also actively supports legislative reform of the patent system, targeting in

**15** particular the problem of lawsuits by non-practicing entities. On November 7, 2013, EFF Senior

**16** Staff Attorney Julie Samuels testified before the U.S. Senate Committee on Commerce, Science,

**17** and Transportation regarding patent reform. EFF has also urged its supporters to contact

**18** members of Congress to support the reform of the patent system. On October 23, 2013, EFF

**19** launched an action tool that helps members of the public contact their representatives in

**20** Congress to urge them to support the Innovation Act of 2014 (a bill intended to reduce the

**21** problem of abusive litigation filed by non-practicing entities). This tool is available at EFF's

**22** website at: https://action.eff.org/o/9042/p/dia/action3/common/public/?action_KEY=9416.

**23**       10.      In light of EFF's prominent position in this debate, individuals who have been

**24** targeted in patent infringement lawsuits sometimes contact EFF seeking legal advice and

**25** assistance. As a legal services organization, EFF's policy and practice is to keep all

**26** communications from prospective clients confidential.

**27**

**28**

1       11.    EFF also engages in other activities as part of its political organizing and

2   associational work, including exchanging ideas, formulating strategy and messages, and

3   engaging with supporters and members.

4       12.    In February, 2013, EFF learned that Personal Audio was claiming to own a patent

5   that covered podcasting and was sending letters to numerous podcasters demanding that they

6   take a license to Personal Audio's patent, U.S. Patent No. 8,112,504 (the "'504 patent").

7       13.    EFF decided, as part of its mission to defend the public interest, that it would

8   challenge the '504 patent at the PTO by filing a petition for inter partes review on its own behalf.

9   EFF is represented by both Greenberg Traurig, LLP and Harvard Law School's Cyberlaw Clinic

10  (based at Harvard's Berkman Center) in relation to the petition for inter partes review of the '504

11  Patent.

12      14.    In anticipation of filing a petition for inter partes review, I and other EFF

13  attorneys, worked with EFF's outside counsel at Greenberg Traurig and Harvard Law School's

14  Cyberlaw Clinic, as well as with legal interns at EFF working at the direction of EFF attorneys,

15  to collect and analyze prior art for possible use in a petition for inter partes review. For example,

16  I and legal interns at EFF created charts analyzing prior art and evaluating its suitability for use

17  in a challenge to the validity of the '504 patent. These charts include legal and technical analysis

18  of the prior art. Also in anticipation of filing a petition for inter partes review, I conducted

19  interviews with authors of certain works prior art. My selection of interview subjects, as well as

20  my notes from those interviews, was guided by and reflects my legal analysis of the prior art and

21  its suitability for use in EFF's challenge to the '504 patent.

22      15.    In May 2013, EFF released a public call for support in raising funds for the

23  application fees associated with its challenge to the '504 patent and for the public to help identify

24  relevant prior art. EFF's request for donations is available on EFF's website at:

25  https://www.eff.org/deeplinks/2013/05/help-save-podcasting. The donation page is available at:

26  https://supporters.eff.org/donate/save-podcasting. EFF's request for public submissions of prior

27  art is available at: http://patents.stackexchange.com/questions/3884/disseminating-media-

28  content-representing-episodes-issued-patent-prior-art-requ.

16. As of January 27, 2014, 1338 individuals have donated to EFF's "Save Podcasting" campaign and EFF has raised $78,885 dollars. Approximately 50% of these donors elected to become members of EFF (or were already members) and approximately 50% individuals supported the campaign without electing to becoming members. EFF has not disclosed, has not been asked to disclose, nor will it disclose, the identity of any of the donors to its Save Podcasting campaign to the government.

17. EFF has conducted targeted fundraising campaigns around other issues and litigation. For example, in July 2013, EFF held a membership drive to coincide with a lawsuit it filed challenging mass NSA surveillance. More than 2000 individuals joined EFF as part of that membership drive.

18. EFF regularly advocates for both associational rights and anonymous speech and attracts donations and support from many persons who value privacy and anonymity. EFF's ability to raise funds from its supporters would be severely harmed if its donors feared that their anonymity could be easily pierced.

19. In addition, many donors to and supporters of EFF work for corporations whose patent policies are different from, and may even be opposed to, those of EFF. Our ability to raise funds and obtain other support from these individuals would be chilled if they were not able to contribute to EFF anonymously.

20. No contributors to EFF's Save Podcasting campaign were involved in any planning, drafting, or filing of EFF's challenge to the '504 patent. This is consistent with EFF's general policies. As a nonprofit legal services organization, EFF solicits and invites donations from a variety of individual and institutional sources who might support our mission. But control and decision-making regarding EFF's litigation always rests either with EFF's clients (in cases where EFF represents a client) or with EFF itself (in cases where EFF litigates on its own behalf). With respect to EFF's petition for *inter partes* review challenging the '504 patent, since EFF sought *inter partes* review on its own behalf, all decisions were made by attorneys at EFF, in consultation with EFF's outside counsel at Greenberg Traurig, LLP and the Cyberlaw Clinic at Harvard Law School.

1    21.    EFF filed its petition for inter partes review at the PTO, Case IPR2014-00070, on

2  October 16, 2013 (the "PTO Action"). Richard C. Pettus and Nicholas A. Brown from Greenberg

3  Traurig, LLP are counsel of record for EFF in that action.

4    22.    EFF is not a party to any litigation in federal district court involving the '504

5  patent. This includes all cases consolidated with Case No. 2:13-cv-13 in the Eastern District of

6  Texas (the "Texas Case") and Case No. 1:13-cv-11794 in the District of Massachusetts (the

7  "Massachusetts Case"). No party involved in the Texas Case or the Massachusetts Case, other

8  than Personal Audio, is involved in the PTO Action.

9    23.    EFF has no relationship to the specific claims and defenses in the Texas Case

10  matter other than by virtue of the fact that EFF is challenging through the PTO Action the same

11  patent that is asserted in the Texas Case. Further, EFF's knowledge regarding the '504 patent and

12  prior art is based solely on its investigations in anticipation of filing the PTO Action, and its

13  specialized knowledge relating to patents and challenging their validity generally. As a result,

14  EFF's knowledge is all either attorney-client privileged, attorney work product or expert witness

15  information.

16    24.    The topics listed in Personal Audio's subpoena—particularly Topics 4, 6, 7 and

17  8—call for EFF's internal legal analysis of the '504 Patent, our work preparing for the PTO

18  Action, and our communications with our outside counsel retained to represent EFF in the PTO

19  Action.

20    25.    The privacy of EFF's internal communications is essential to EFF's mission. EFF

21  operates as a team, with significant group deliberation and collaborative meetings. Through this

22  we sort out legal strategy, analysis, research to be done and evaluated, advocacy positions, and

23  messaging among our staff members. Those discussions require a robust and wide open format,

24  so that we can test out new (and old) ideas, sort through and rank and rate various strategies and

25  debate each other internally before we send our messages out to the public or to policymakers.

26  This includes playing "devil's advocate" to test our messages, articulating the opposing

27  viewpoints and determining how to use our scarce resources to make the maximum impact.

28

26.     The forced revelation of these internal discussions to EFF's adversaries and even our friends would harm EFF, as our internal debates could be used as fodder to attack us, to undermine our credibility, or to portray us as inconsistent or disingenuous in our positions. It can also reveal the limits of our resources and areas of internal disagreement that could be played upon by those seeking to limit our public advocacy and participation in public debate.

27.     Because of this threat, the specter that EFF's internal discussions would be made available in litigation or otherwise made public would make EFF staff less likely to express dissenting opinions and criticism, or test bold or controversial ideas through debate, for fear that any such statements could be used by opponents to attack or undermine EFF in the future. This would result in a weakening of the analysis and power of our public advocacy.

28.     Additionally, forcing disclosure of EFF's communications with lawyers and others outside EFF would greatly impair EFF's ability to undertake its legal advocacy work. EFF often collaborates with or aids outside attorneys with litigation or potential litigation that advances EFF's positions on privacy, consumer protection and civil liberties. We also receive calls from counsel handling cases where digital rights issues come up, asking for guidance, factual information, and referral to resources. Such collaborations and assistance necessarily require frank and confidential discussions that can involve of legal strategy, facts and positions and the broader implications of potential or past arguments or rulings. Even where no privileged material is revealed, the communications can reveal sensitive information, including the mere fact that counsel sought our assistance.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 29, 2014

DANIEL K. NAZER

# EXHIBIT A

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| PERSONAL AUDIO, LLC | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.   2:13-cv-13 consolidated ED Tex |
| TOGI ENTERTAINMENT, INC. ET AL. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     ELECTRONIC FRONTIER FOUNDATION, 815 Eddy Street, San Francisco, CA 94109

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attachment

| Place:   Veritext - San Francisco<br>101 Montgomery St., Suite 450<br>San Francisco, CA 94104 | Date and Time:<br>01/10/2014 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenography and videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/20/2013

| | |
|---|---|
| *CLERK OF COURT* | OR |
| | /s/ Jeremy S. Pitcock |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Personal Audio, LLC _____ , who issues or requests this subpoena, are:

Jeremy S. Pitcock, 1501 Broadway, 12th Floor New York, NY 10036, jpitcock@pitcocklawgroup.com, (646) 571-2237
Papool S. Chaudhari, P.O. Box 1863, Wylie, TX 75098, papool@chaudharilaw.com, (214) 702-1150

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:13-cv-13 consolidated ED Tex

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                               *Server's signature*

                                               _____
                                               *Printed name and title*


                                               _____
                                               *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

 (i) disclosing a trade secret or other confidential research, development, or commercial information; or
 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
 (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
 (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DEFINITIONS

The following definitions apply to these deposition topics:

A.  "Personal Audio" shall mean and refer to Plaintiff Personal Audio, LLC.

B.  "'504 Patent" shall mean the patent-in-suit, U.S. Patent No. 8,112,504.

C.  "Defendants" shall refer to any potential or actual Defendants in any civil case regarding the '504 patent, including, but not limited to, Defendants Togi Entertainment, Inc., HowStuffWorks, NBCUniversal Media, LLC, CBS Corporation, FOX Broadcasting Company, FOX Networks Group, Inc., Lotzi Digital, Inc., Adam Carolla, Donny Misraje, Kathee Schneider-Misraje, and Sandy Ganz, and also includes any agents, employees, counsel and/or attorneys thereof. Potential Defendants include, without limitation, any person or entity that has received a licensing letter from Personal Audio concerning the '504 Patent and also includes any agents, employees, counsel and/or attorneys thereof.

D.  "EFF" and "You" shall mean and refer to the Electronic Frontier Foundation, any subsidiaries, affiliates, officers, employees and counsel thereto.

E.  "Person" shall mean any natural person or any business, proprietorship, firm, partnership, corporation, association, organization or other legal entity. The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's behalf.

F.  "Document" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a distinct version). By way of example, the term "document(s)" as used herein shall include, without limitation: correspondence; blueprints; memoranda; notes; diaries; letters; telegraphs; telegrams; telexes; e-mails; minutes; agendas; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; circulars; press releases; advertisements; books; inter-office and intra-office communications; handwritten or typewritten notes; notations or summaries of telephone conversations, meetings, or conferences; bulletins; computer printouts; databases; teletypes; telefax; invoices; worksheets; photographs; tape recordings; and all other tangible items of readable, recorded, or visual material of any kind.

G.  "Thing" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure.

1

H.    "Communication" shall mean any transmission of information in any context or situation by or between two or more persons by any means or medium whatsoever, whether in the form of an original, a draft, or a copy, whether stored in hard copy, electronically or digitally, or on tape, either orally or in writing, including without limitation but not limited to conversations, correspondence, electronic mails, telexes, facsimile transmissions, telecopies, recordings in any medium of oral, written, or typed communication, telephone or message logs, notes or memoranda concerning written or oral communications, and any translation thereof.

I.    "Identify" and "Identity" shall each mean:

(a) as applied to an individual, to state the individual's full name, present or last known address and telephone number, present or last known employer, present or last known business address and telephone number, present and prior employment positions and corresponding dates of such positions, and a description of his present employment responsibilities;

(b) as applied to a Person other than a natural person (including without limitation, but not limited to, any business or other entity), to state the entity's full name, place and date of incorporation or formation, principal place of business or activity, and the identity of the natural persons within that entity having knowledge of the matter with respect to which that entity is named;

(c) as applied to a Document (whether or not any claim of privilege is made in respect thereof), to state the type of Document, the date of creation of the Document, the date of communication of the Document, the names and Identities of the individuals who drafted, authored, or signed the Document or a copy thereof was addressed or sent, a summary of the subject matter of the Document, the number of pages of the Document, the present whereabouts of the Document, including without limitation all originals and copies, and the name and address of the present or last-known custodian of the Document;

(d) as applied to a Thing, to state the date that the Thing was first introduced for sale, the date of the Thing's first sale, all versions, parts or revision numbers or codes, all product names, and all team names or project titles used in connection with the design, development, testing, or engineering of that product;

(e) as applied to a process, to state the date that the process was first used, the date the products or goods made by the process were first sold, all numbers or codes used to refer to the process, including but not limited to process revision numbers or codes, all process names, and all team names or project titles used in connection with the design, development, testing, or engineering of that process; or

(f) as applied to a Communication, to state the type of Communication, the date and the parties to such Communication, and if such Communication has been recorded in documentary form, to identify all Documents recording such Communication.

2

J.     "Information" shall mean information in any form, including but not limited to documentary, electronic, graphical, or tabular, and communicated by any means, including but not limited to orally, in writing, or via electronic communication.

K.     "Describe," when used in relation to an act, event, instance, occasion, transaction, conversation, or Communication, shall mean (1) to state the date and place thereof; (2) to identify the individual participants; (3) to summarize separately for each individual participant what was said or done; and (4) to identify each document used or prepared in connection therewith or making any reference thereto.

L.     "Date" shall mean the exact date, if known, or the closest approximation to the exact date as can be specified, including without limitation the year, month, week in a month, or part of a month.

M.     "Concerning" shall mean in whole or part constituting, containing, embodying, reflecting, concerning, referring to, describing, involving, supporting, contradicting, evidencing, stating, dealing with, relating to, or in any way pertaining to.

N.     As used herein, the singular form of a term shall be interpreted to include the plural and vice versa.

O.     As used herein, the masculine form of a term shall be interpreted to include the feminine and vice versa.

P.     Except where the context does not permit, the term "including" shall be without limitation.

Q.     Except where the context does not permit, the terms "and" and "or" shall be both conjunctive and disjunctive.

R.     Except where the context does not permit, the terms "each" and "any" shall mean any and all.

## DEPOSITION TOPICS

1. Any communications between the EFF and Defendants Concerning the '504 patent.

2. Any communications between the EFF and any actual or potential witness Concerning the '504 patent or prior art to the '504 patent.

3. Any communications between the EFF and any third parties Concerning the '504 patent, including but not limited to any communications with the Cyberlaw Clinic at the Harvard University Berkman Center for Internet and Society, Julie Samuels, Mark Cuban, RPX, Article One Partners, Mark Lemley, Durie Tangri Page Lemley Roberts & Kent LLP, the Open Innovation Network, Google, Inc and/or their representatives, agents or counsel.

4. Any communications regarding the prior art cited in any proceedings in the Patent and Trademark Office Concerning the '504 patent.

3

5. All fundraising activities in connection with the proceedings in the Patent and Trademark Office with respect to the '504 patent, including but not limited to the Identification of the names of all Persons who donated or contributed and Identification of the amounts contributed by each Person, as well as the Identification of any promised contributions which have not been received yet as well as the Persons who promised such contributions and the amount thereof.

6. All steps taken in order for the EFF to be "fully prepared" to take on Personal Audio.

7. Identification of any Information Concerning any prior art (whether or not included in any Patent and Trademark Office proceeding) that would tend to show either: (1) the art did not disclose any element of the claims of the '504 patent or (2) the art was not demonstrably available prior to any filing date of the '504 patent.

8. Any analysis or Communications Concerning the following: (1) the claims of the '504 patent; (2) any prior art to the '504 patent; and (3) the meaning or construction of any of the terms in the claims of the '504 patent.

# EXHIBIT B

AO 38A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | |
|---|---|
| PERSONAL AUDIO, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:13-cv-13 consolidated ED Tex |
| TOGI ENTERTAINMENT, INC. ET AL. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      ELECTRONIC FRONTIER FOUNDATION, 815 Eddy Street, San Francisco, CA 94109

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attachment

| Place:   Veritext - San Francisco<br>101 Montgomery St., Suite 450<br>San Francisco, CA 94104 | Date and Time:<br>01/31/2014 9:00 am |
|---|---|

The deposition will be recorded by this method:    Stenography and videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      01/17/2014

| *CLERK OF COURT* | |
|---|---|
| | OR |
| | /s/ Jeremy S. Pitcock |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Personal Audio, LLC                                              , who issues or requests this subpoena, are:

Jeremy S. Pitcock, 1501 Broadway, 12th Floor New York, NY 10036, jpitcock@pitcocklawgroup.com, (646) 571-2237
Papool S. Chaudhari, P.O. Box 1863, Wylie, TX 75098, papool@chaudharilaw.com, (214) 702-1150

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:13-cv-13 consolidated ED Tex

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DEFINITIONS

The following definitions apply to these deposition topics:

A.      "Personal Audio" shall mean and refer to Plaintiff Personal Audio, LLC.

B.      "'504 Patent" shall mean the patent-in-suit, U.S. Patent No. 8,112,504.

C.      "Defendants" shall refer to any potential or actual Defendants in any civil case regarding the '504 patent, including, but not limited to, Defendants Togi Entertainment, Inc., HowStuffWorks, NBCUniversal Media, LLC, CBS Corporation, FOX Broadcasting Company, FOX Networks Group, Inc., Lotzi Digital, Inc., Adam Carolla, Donny Misraje, Kathee Schneider-Misraje, and Sandy Ganz, and also includes any agents, employees, counsel and/or attorneys thereof. Potential Defendants include, without limitation, any person or entity that has received a licensing letter from Personal Audio concerning the '504 Patent and also includes any agents, employees, counsel and/or attorneys thereof.

D.      "EFF" and "You" shall mean and refer to the Electronic Frontier Foundation, any subsidiaries, affiliates, officers, employees and counsel thereto.

E.      "Person" shall mean any natural person or any business, proprietorship, firm, partnership, corporation, association, organization or other legal entity. The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's behalf.

F.      "Document" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a distinct version). By way of example, the term "document(s)" as used herein shall include, without limitation: correspondence; blueprints; memoranda; notes; diaries; letters; telegraphs; telegrams; telexes; e-mails; minutes; agendas; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; circulars; press releases; advertisements; books; inter-office and intra-office communications; handwritten or typewritten notes; notations or summaries of telephone conversations, meetings, or conferences; bulletins; computer printouts; databases; teletypes; telefax; invoices; worksheets; photographs; tape recordings; and all other tangible items of readable, recorded, or visual material of any kind.

G.      "Thing" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure.

1

H.  "Communication" shall mean any transmission of information in any context or situation by or between two or more persons by any means or medium whatsoever, whether in the form of an original, a draft, or a copy, whether stored in hard copy, electronically or digitally, or on tape, either orally or in writing, including without limitation but not limited to conversations, correspondence, electronic mails, telexes, facsimile transmissions, telecopies, recordings in any medium of oral, written, or typed communication, telephone or message logs, notes or memoranda concerning written or oral communications, and any translation thereof.

I.  "Identify" and "Identity" shall each mean:

(a) as applied to an individual, to state the individual's full name, present or last known address and telephone number, present or last known employer, present or last known business address and telephone number, present and prior employment positions and corresponding dates of such positions, and a description of his present employment responsibilities;

(b) as applied to a Person other than a natural person (including without limitation, but not limited to, any business or other entity), to state the entity's full name, place and date of incorporation or formation, principal place of business or activity, and the identity of the natural persons within that entity having knowledge of the matter with respect to which that entity is named;

(c) as applied to a Document (whether or not any claim of privilege is made in respect thereof), to state the type of Document, the date of creation of the Document, the date of communication of the Document, the names and Identities of the individuals who drafted, authored, or signed the Document or a copy thereof was addressed or sent, a summary of the subject matter of the Document, the number of pages of the Document, the present whereabouts of the Document, including without limitation all originals and copies, and the name and address of the present or last-known custodian of the Document;

(d) as applied to a Thing, to state the date that the Thing was first introduced for sale, the date of the Thing's first sale, all versions, parts or revision numbers or codes, all product names, and all team names or project titles used in connection with the design, development, testing, or engineering of that product;

(e) as applied to a process, to state the date that the process was first used, the date the products or goods made by the process were first sold, all numbers or codes used to refer to the process, including but not limited to process revision numbers or codes, all process names, and all team names or project titles used in connection with the design, development, testing, or engineering of that process; or

(f) as applied to a Communication, to state the type of Communication, the date and the parties to such Communication, and if such Communication has been recorded in documentary form, to identify all Documents recording such Communication.

2

J.      "Information" shall mean information in any form, including but not limited to documentary, electronic, graphical, or tabular, and communicated by any means, including but not limited to orally, in writing, or via electronic communication.

K.      "Describe," when used in relation to an act, event, instance, occasion, transaction, conversation, or Communication, shall mean (1) to state the date and place thereof; (2) to identify the individual participants; (3) to summarize separately for each individual participant what was said or done; and (4) to identify each document used or prepared in connection therewith or making any reference thereto.

L.      "Date" shall mean the exact date, if known, or the closest approximation to the exact date as can be specified, including without limitation the year, month, week in a month, or part of a month.

M.      "Concerning" shall mean in whole or part constituting, containing, embodying, reflecting, concerning, referring to, describing, involving, supporting, contradicting, evidencing, stating, dealing with, relating to, or in any way pertaining to.

N.      As used herein, the singular form of a term shall be interpreted to include the plural and vice versa.

O.      As used herein, the masculine form of a term shall be interpreted to include the feminine and vice versa.

P.      Except where the context does not permit, the term "including" shall be without limitation.

Q.      Except where the context does not permit, the terms "and" and "or" shall be both conjunctive and disjunctive.

R.      Except where the context does not permit, the terms "each" and "any" shall mean any and all.

## DEPOSITION TOPICS

1.  Any communications between the EFF and Defendants specifically Concerning the '504 patent, including but not limited to the construction of any claim terms and any alleged prior art relevant to any claim of the patent.

2.  Any communications between the EFF and any actual or potential witness specifically Concerning the '504 patent or prior art to the '504 patent.

3.  Any communications between the EFF and any third parties specifically Concerning the '504 patent, including but not limited to any communications with the Cyberlaw Clinic at the Harvard University Berkman Center for Internet and Society, Julie Samuels, Mark Cuban, RPX, Article One Partners, Mark Lemley, Durie Tangri Page Lemley Roberts & Kent LLP, the Open Innovation Network, StackExchange, Google, Inc and/or their representatives, agents or counsel.

3

4.  Any non-privileged communications regarding the prior art cited in any proceedings in the Patent and Trademark Office Concerning the '504 patent.

5.  All fundraising activities in connection with the proceedings in the Patent and Trademark Office specifically Concerning the '504 patent, including but not limited to the Identification of the names of all Persons who donated or contributed and Identification of the amounts contributed by each Person, as well as the Identification of any promised contributions which have not been received yet as well as the Persons who promised such contributions and the amount thereof.

6.  All steps taken in order for the EFF to be "fully prepared" to take on Personal Audio with respect to the '504 patent.

7.  Identification of any Information Concerning any prior art (whether or not included in any Patent and Trademark Office proceeding) that would tend to show either: (1) the art did not disclose any element of the claims of the '504 patent or (2) the art was not demonstrably available prior to any filing date of the '504 patent.

8.  Any nonprivileged analysis or Communications Concerning the following: (1) the claims of the '504 patent; (2) any prior art to the '504 patent; and (3) the meaning or construction of any of the terms in the claims of the '504 patent.

4