Nicholas A. Brown (SBN 198210)
  brownn@gtlaw.com
Vera Ranieri (SBN 271594)
  ranieriv@gtlaw.com
**GREENBERG TRAURIG, LLP**
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

*Counsel for Movant*
*Electronic Frontier Foundation*

**ᗪ ORIGINAL**

**RS**

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

CV 14 80 025 MISC

| | |
|---|---|
| PERSONAL AUDIO, LLC | Miscellaneous Action No. _____ |
| Plaintiff, | [Action pending in the United States District Court for the Eastern District of Texas, Case No. 2:13-cv-13] |
| v. | |
| TOGI ENTERTAINMENT, INC. et al. | **DECLARATION OF VERA RANIERI IN SUPPORT OF THIRD PARTY ELECTRONIC FRONTIER FOUNDATION'S NOTICE OF MOTION AND MOTION TO QUASH AND FOR PROTECTIVE ORDER** |
| Defendant | |

I, Vera Ranieri, under penalty of perjury, declare as follows:

1.     I am an attorney at law duly licensed to practice law in the State of California and have been admitted to practice before this Court. I am an associate with the law firm of Greenberg Traurig, LLP, attorneys for movant Electronic Frontier Foundation ("EFF") in this action. Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would competently testify as set forth below.

2.     On December 31, 2013, I spoke with Jeremy Pitcock, counsel for Personal Audio, LLC and signatory of the December 20, 2013 subpoena served on EFF relating to Case No. 2:13-cv-13 (E.D. Tex.) (the "Texas Case"). During that conversation, I requested an extension of time for EFF to respond to the subpoena. Mr. Pitcock explained that although Personal Audio was willing to grant an extension, Personal Audio could not grant an extension to January 31, 2014, the date requested by EFF.

3.     Mr. Pitcock explained that Personal Audio sought to take the deposition before certain deadlines in *Electronic Frontier Foundation v. Personal Audio*, IPR2014-00070, Patent Trial and Appeal Board (the "PTO Action") and *Fox Networks Group v. Personal Audio, LLC*, Case No. 1:13-cv-11794 (D. Mass.) (the "Massachusetts Case"). When asked, Mr. Pitcock stated that Personal Audio intended to use information discovered by the subpoena in both the PTO Action and the Massachusetts Case. Mr. Pitcock stated the information was needed for Personal Audio's response to EFF's petition for *inter partes* review, then due on January 24, 2014[1] and in relation to a motion hearing and case management conference in the Massachusetts Case, set for January 23, 2014.

4.     Greenberg Traurig, LLP and the Cyberlaw Clinic at the Harvard University Berkman Center for Internet & Society represent EFF in connection with the PTO Action.

5.     On January 9, 2014, I met and conferred with Mr. Pitcock regarding the scope of the subpoena and requested Personal Audio withdraw the subpoena. The parties were not able to agree to limit the scope of the subpoena or to its withdrawal.

---

[1] Personal Audio has since sought and received an extension to this deadline at the Patent Trial and Appeal Board. Personal Audio's response is now due on February 7, 2014.

Declaration of Vera Ranieri ISO Motion to   2                 Case No. _____
Quash and Motion for Protective Order

6.     Attached hereto as Exhibit 1 is a true and correct copy of *Personal Audio LLC v. Togi Entm't, Inc. et al.*, Case No. 2:13-cv-13, Scheduling Order, ECF 34 (E.D. Tex. Aug. 26, 2013).

7.     Attached hereto as Exhibit 2 is a true and correct copy of *Fox Networks Group, Inc. et al. v. Personal Audio LLC*, Case No. 1:13-cv-11794-MLW, Docket (D. Mass.)

8.     Attached hereto as Exhibit 3 is a true and correct copy of *Personal Audio LLC v. Togi Entm't, Inc. et al.*, Case No. 2:13-cv-13, Complaint, ECF No. 1 (E.D. Tex. Jan. 7, 2013).

9.     Attached hereto as Exhibit 4 is a true and correct copy of *Personal Audio LLC v. Togi Entm't, Inc. et al.*, Case No. 2:13-cv-13, Togi Entertainment, Inc. Answer, ECF No. 5 (E.D. Tex. Mar. 5, 2013)

10.     Attached hereto as Exhibit 5 is a true and correct copy of *Personal Audio LLC v. Togi Entm't, Inc. et al.*, Case No. 2:13-cv-13, Protective Order, ECF No. 36 (E.D. Tex. Aug. 23, 2013).

11.     Attached hereto as Exhibit 6 is a true and correct copy of correspondence between Jeremy Pitcock, counsel for Personal Audio, to Vera Ranieri, counsel for EFF, dated December 23, 2013 through January 22, 2014.

12.     On January 28, 2014 I again met and conferred with Mr. Pitcock regarding the scope of the subpoena. From that call, I understand Personal Audio's position to be that materials relating to EFF's preparation of its petition for inter partes review are not protected by the work product doctrine.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of January, 2014, at San Francisco CA.

_____
Vera Ranieri

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

PERSONAL AUDIO, LLC     §
                                §

v.                            §         Case No. 2:13-CV-13-JRG-RSP
                                §         **LEAD CASE**

TOGI ENTERTAINMENT, INC.    §

## DOCKET CONTROL ORDER FOR PATENT CASES
## ASSIGNED TO JUDGE RODNEY GILSTRAP AND JUDGE ROY PAYNE

In accordance with the status conference held in this case, it is hereby ORDERED that

the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| September 2, 2014 | *Jury Selection – 9:00 a.m. in **Marshall, Texas** |
| August 19, 2014 | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** |
| August 14, 2014 | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| August 12, 2014 | *File Joint Pretrial Order, Proposed Jury Instructions, Proposed Verdict Form, and Responses to Motions *in Limine* |
| August 5, 2014 | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Susan Simmons, at lssimmons@yahoo.com. |
| July 29, 2014 | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |

| July 29, 2014 | Serve Objections to Rebuttal Pretrial Disclosures |
| July 22, 2014 | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| July 15, 2014 | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| June 10, 2014 | *File Dispositive Motions or Motions to Strike Expert Testimony (including *Daubert* Motions) <br><br> No dispositive motion or motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| June 6, 2014 | Deadline to Complete Expert Discovery |
| May 20, 2014 | Serve Disclosures for Rebuttal Expert Witnesses |
| April 29, 2014 | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| April 29, 2014 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| April 15, 2014 | *Deadline to File Letter Briefs Regarding Dispositive Motions |
| April 8, 2014 | Deadline to Complete Mediation |
| April 1, 2014 | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| March 11, 2014 | *Claim Construction Hearing – 9:00 a.m. in **Marshall, Texas** |
| February 25, 2014 | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) and Submit Technical Tutorials (if any) |
| February 18, 2014 | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |
| February 11, 2014 | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) |
| January 28, 2014 | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) |
| January 28, 2014 | Deadline to Substantially Complete Document Production and Exchange Privilege Logs <br><br> Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |

- 2 -

| January 14, 2014 | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| --- | --- |
| January 7, 2014 | File Response to Amended Pleadings |
| December 24, 2013 | *File Amended Pleadings<br><br>It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. |
| December 20, 2013 | Comply with P.R. 4-3 (Joint Claim Construction Statement) |
| December 10, 2013 | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |
| November 12, 2013 | Comply with P.R. 4-1 (Exchange Proposed Claim Terms) |
| October 10, 2013 | Comply with P.R. 3-3 & 3-4 (Invalidity Contentions) |
| September 12, 2013 | Join Additional Parties |
| August 22, 2013 | *File Proposed Docket Control Order, Proposed Discovery Order, and Proposed Protective Order |
| August 15, 2013 | *File Notice of Mediator |
| July 25, 2013 | Comply with P.R. 3-1 & 3-2 (Infringement Contentions) |

(*) indicates a deadline that cannot be changed without showing good cause. Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

## ADDITIONAL REQUIREMENTS

**Notice of Mediator**: The parties are to jointly file a notice that identifies the agreed upon mediator or indicates that no agreement was reached. If the parties do not reach an agreement, the Court will appoint a mediator. The parties should not file a list of mediators to be considered by the Court.

**Summary Judgment Motions**: Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than five (5) pages and shall be filed with the Court no later than the deadline for filing letter briefs. Answering letter briefs in each of those matters shall be no longer than five (5) pages and filed with the Court no later than fourteen (14) days thereafter. Reply briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than five (5) days thereafter. The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted. Letter briefs shall be filed without exhibits. Any requests to submit letter briefs after the deadlines outlined above must show good cause.

**Form of the Pretrial Order and Pretrial Disclosures**: The Court will issue a standing order governing the form of the pretrial order and pretrial disclosures at least four months prior to trial. The parties may obtain a copy of the order from the Court's website at that time.

**Motions for Continuance**: The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a)     The fact that there are motions for summary judgment or motions to dismiss pending;

(b)     The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c)     The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**IT IS SO ORDERED.**

**SIGNED this 23rd day of August, 2013.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

- 4 -

# EXHIBIT 2

PATENT

# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:13-cv-11794-MLW

Fox Networks Group, Inc. et al v. Personal Audio, LLC
Assigned to: Judge Mark L. Wolf
Cause: 28:2201 Declaratory Judgment

Date Filed: 07/26/2013
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Fox Networks Group, Inc.**

represented by **Sharon L. Davis**
Rothwell, Figg, Ernst & Manbeck P.C.
1425 K. Street NW
Suite 800
Washington, DC 20005
202-783-6040
Fax: 202-783-6031
Email: sdavis@rfem.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven Lieberman**
Rothwell, Figg, Ernst & Kurz, PC
Columbia Sq. 555 Thirteenth Street, N.W.
701 East Tower
Washington, DC 20004
202-783-6040
Email: slieberman@rfem.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Theodore J. Folkman**
Murphy & King, PC
One Beacon Street
21st Floor
Boston, MA 02108-3107
617-423-0400
Fax: 617-423-0498
Email: tjf@murphyking.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Peter C. Obersheimer**
Murphy & King, P.C.
One Beacon Street
21st Floor
Boston, MA 02108-3107
617-423-0400
Fax: 617-423-0498
Email: pco@murphyking.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Fox Broadcasting Company**     represented by **Peter C. Obersheimer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sharon L. Davis**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven Lieberman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Theodore J. Folkman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian Rosenbloom**
Rothwell, Figg, Ernst & Manbeck, P.C.
607 14th Street, N.W.,
Suite 800
Washington, DC 20005
(202) 783-6040
Email: brosenbloom@rfem.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer Maisel**
Rothwell, Figg, Ernst & Manbeck, P.C.
607 14th Street, N.W.
Suite 800
Washington, DC 20005
(202) 783-6040
Email: jmaisel@rfem.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Personal Audio, LLC**

represented by **Scott McConchie**
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110
617-646-2000
Fax: 617-646-2222
Email: smcconchie@sherin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William M. Dunham**
Sherin & Lodgen LLP
101 Federal Street
Boston, MA 02110
617-646-2017
Email: wmdunham@sherin.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/26/2013 | 1 | COMPLAINT against Fox Networks Group, Inc., Fox Broadcasting Company Filing fee: $ 400, receipt number 0101-4563639 (Fee Status: Filing Fee paid), filed by Fox Networks Group, Inc., Fox Broadcasting Company. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit, # 3 Exhibit A,)(Folkman, Theodore) Modified on 7/29/2013 removing the Report Regarding Patent or Trademark. Refer to dkt. no. 3 for the report (Danieli, Chris). Modified on 7/29/2013 (Danieli, Chris). (Entered: 07/26/2013) |
| 07/26/2013 | 2 | CORPORATE DISCLOSURE STATEMENT by Fox Broadcasting Company, Fox Networks Group, Inc.. (Folkman, Theodore) (Entered: 07/26/2013) |
| 07/26/2013 | 3 | REPORT ON THE FILING/TERMINATION OF AN ACTION REGARDING |

| | | |
|---|---|---|
| | | PATENT OR TRADEMARK. (Danieli, Chris) (Entered: 07/29/2013) |
| 07/29/2013 | 4 | ELECTRONIC NOTICE of Case Assignment. Judge Mark L. Wolf assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Judith G. Dein. (Folan, Karen) (Entered: 07/29/2013) |
| 07/29/2013 | 5 | **Summons Issued as to Personal Audio, LLC. Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Danieli, Chris) (Entered: 07/29/2013) |
| 07/29/2013 | 6 | NOTICE of Appearance by Peter C. Obersheimer on behalf of Fox Networks Group, Inc. (Obersheimer, Peter) (Entered: 07/29/2013) |
| 08/12/2013 | 7 | MOTION for Leave to Appear Pro Hac Vice for admission of Steven Lieberman, Sharon L. Davis, Brian Rosenbloom, and Jennifer Maisel Filing fee: $ 400, receipt number 0101-4586205 by Fox Broadcasting Company, Fox Networks Group, Inc.. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Folkman, Theodore) (Entered: 08/12/2013) |
| 08/15/2013 | 8 | SUMMONS Returned Executed Personal Audio LLC served on 8/9/2013, answer due 8/30/2013. (Folkman, Theodore) Modified on 8/19/2013 (Hohler, Daniel). (Entered: 08/15/2013) |
| 08/16/2013 | 9 | MOTION for Permanent Injunction by Fox Broadcasting Company, Fox Networks Group, Inc..(Folkman, Theodore) (Entered: 08/16/2013) |
| 08/16/2013 | 10 | MEMORANDUM in Support re 9 MOTION for Permanent Injunction filed by Fox Broadcasting Company, Fox Networks Group, Inc.. (Folkman, Theodore) (Entered: 08/16/2013) |
| 08/16/2013 | 11 | DECLARATION re 9 MOTION for Permanent Injunction , 10 Memorandum in Support of Motion by Fox Broadcasting Company, Fox Networks Group, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Folkman, Theodore) (Entered: 08/16/2013) |
| 08/16/2013 | 12 | DECLARATION re 9 MOTION for Permanent Injunction , 10 Memorandum in Support of Motion by Fox Broadcasting Company, Fox Networks Group, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Folkman, Theodore) (Entered: 08/16/2013) |
| 08/16/2013 | 13 | DECLARATION re 9 MOTION for Permanent Injunction , 10 Memorandum in Support of Motion by Fox Broadcasting Company, Fox Networks Group, Inc.. (Attachments: # 1 Exhibit A)(Folkman, Theodore) (Entered: 08/16/2013) |
| 08/27/2013 | 14 | NOTICE of Appearance by William M. Dunham on behalf of Personal Audio, LLC (Dunham, William) (Entered: 08/27/2013) |

| 08/27/2013 | 15 | NOTICE of Appearance by Scott McConchie on behalf of Personal Audio, LLC (McConchie, Scott) (Entered: 08/27/2013) |
|---|---|---|
| 08/27/2013 | 16 | Assented to MOTION for Extension of Time to Respond to the Complaint (on or before September 30) and Respond to the Motion to Enjoin (on or before September 13) by Personal Audio, LLC.(McConchie, Scott) (Entered: 08/27/2013) |
| 08/29/2013 | 17 | Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 16 Motion for Extension of Time (Hohler, Daniel) (Entered: 08/29/2013) |
| 08/29/2013 | 18 | Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 7 Motion for Leave to Appear Pro Hac Vice Added Steven Lieberman, Esq., Sharon L. Davis, Esq., Brian Rosenbloom, Esq., and Jennifer Maisel, Esq., all of Rothwell, Figg, Ernst & Manbeck, P.C. **Attorneys admitted Pro Hac Vice must register for electronic filing if the attorney does not already have an ECF account in this district. To register go to the Court website at www.mad.uscourts.gov. Select Case Information, then Electronic Filing (CM/ECF) and go to the CM/ECF Registration Form.** (MacDonald, Gail) (Entered: 08/29/2013) |
| 09/13/2013 | 19 | Opposition re 9 🔲 MOTION for Permanent Injunction filed by Personal Audio, LLC. (Attachments: # 1 Exhibit A)(McConchie, Scott) (Entered: 09/13/2013) |
| 09/13/2013 | 20 | MOTION to Dismiss for Lack of Jurisdiction by Personal Audio, LLC.(McConchie, Scott) (Entered: 09/13/2013) |
| 09/13/2013 | 21 | MEMORANDUM in Support re 20 MOTION to Dismiss for Lack of Jurisdiction filed by Personal Audio, LLC. (Attachments: # 1 Exhibit A)(McConchie, Scott) (Entered: 09/13/2013) |
| 09/13/2013 | 22 | AFFIDAVIT in Support re 20 MOTION to Dismiss for Lack of Jurisdiction *(Declaration of Brad Liddle)* filed by Personal Audio, LLC. (McConchie, Scott) (Entered: 09/13/2013) |
| 09/27/2013 | 23 🔲 | Opposition re 20 MOTION to Dismiss for Lack of Jurisdiction filed by Fox Broadcasting Company, Fox Networks Group, Inc.. (Folkman, Theodore) (Entered: 09/27/2013) |
| 09/27/2013 | 24 | DECLARATION re 23 🔲 Opposition to Motion by Fox Broadcasting Company, Fox Networks Group, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X)(Folkman, Theodore) (Entered: 09/27/2013) |
| 10/15/2013 | 25 | MOTION for Leave to File *Reply Brief and Declarations in Support of Motion to Dismiss (Unopposed)* by Personal Audio, LLC. (Attachments: # 1 Exhibit A (Proposed Reply), # 2 Exhibit B (Liddle Declaration), # 3 Exhibit C (Baker Declaration))(McConchie, Scott) (Entered: 10/15/2013) |

| 12/09/2013 | 26 | Notice of Supplemental Authorities re 20 MOTION to Dismiss for Lack of Jurisdiction (Attachments: # 1 Exhibit Exhibit A)(McConchie, Scott) (Entered: 12/09/2013) |
| 12/10/2013 | 27 | Letter/request (non-motion) from Theodore J. Folkman . (Folkman, Theodore) (Entered: 12/10/2013) |
| 12/16/2013 | 28 | Response by Fox Broadcasting Company, Fox Networks Group, Inc. to 26 Notice of Supplemental Authorities . (Folkman, Theodore) (Entered: 12/16/2013) |
| 12/30/2013 | 29 | NOTICE of Scheduling Conference Scheduling Conference set for 1/23/2014 03:00 PM in Courtroom 10 before Judge Mark L. Wolf. SEE ATTACHED ORDER. (Hohler, Daniel) (Entered: 12/30/2013) |
| 12/30/2013 | 30 | ELECTRONIC NOTICE Setting Hearing on Motion 20 MOTION to Dismiss for Lack of Jurisdiction , 9 MOTION for Permanent Injunction : Motion Hearing set for 1/23/2014 03:00 PM in Courtroom 10 before Judge Mark L. Wolf. (Hohler, Daniel) (Entered: 12/30/2013) |

| PACER Service Center | | |
| --- | --- | --- |
| Transaction Receipt | | |
| 01/02/2014 17:39:29 | | |
| PACER Login: | gt2720 | Client Code: | 044444.185800 |
| Description: | Docket Report | Search Criteria: | 1:13-cv-11794-MLW |
| Billable Pages: | 4 | Cost: | 0.40 |

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| PERSONAL AUDIO, LLC, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. |
| TOGI ENTERTAINMENT, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1.      This is an action for patent infringement in which Personal Audio, LLC ("Personal Audio") makes the following allegations against TogiEntertainment, Inc. ("TogiEntertainment").

### PARTIES

2.      Plaintiff Personal Audio ("Plaintiff" or "Personal Audio") is a Texas limited liability company with its principal place of business at 550 Fannin Street, Suite 500, Beaumont, TX 77701.

3.      On information and belief, TogiEntertainment is a corporation with its principal place of business at 620 N. Main, Lindale, TX 75771.  Plaintiff has been unable to ascertain through reasonable diligence the state of incorporation of TogiEntertainment.

### JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

[1]

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, TogiEntertainment has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6.      On information and belief, TogiEntertainment is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,112,504

7.      Plaintiff is the owner of United States Patent No. 8,112,504 B2 ("the '504 patent") entitled "System for Disseminating Media Content Representing Episodes in a Serialized Sequence."  The '504 Patent issued on February 7, 2012.  A true and correct copy of the '504 Patent is attached as Exhibit A.

8.      The '504 patent is directed to an audio program and message distribution system in which a host system transmits information regarding episodes to client subscriber locations. Upon information and belief, Defendant TogiEntertainment has been and now is directly infringing in the State of Texas within this judicial district, and elsewhere in the United States, by, among other things, using an apparatus that infringes at least claim 31 of the '504 patent.

9.      Defendant TogiEntertainment is thus liable for infringement of the '504 Patent pursuant to 35 U.S.C. § 271.  TogiEntertainment provides a podcast of several different shows, including for example, the "Author Talk" podcast available on the website Toginet.com.  Upon information and belief, TogiEntertainment uses servers, data storage and other Internet hardware and software in a manner that directly and literally infringes claim 31.  In the alternative, because the manner of use by TogiEntertainment differs in no substantial way from language of claim 31, if TogiEntertainment is not found to literally infringe, TogiEntertainment infringes under the doctrine of equivalents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.    A judgment in favor of Plaintiff that Defendant has infringed the '504 Patent;

2.    A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '504 Patent as provided under 35 U.S.C. § 284;

3.    An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

4.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

5.    Any and all other relief to which Plaintiff may show itself to be entitled.

### DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

**PERSONAL AUDIO, LLC**

Dated: January 7, 2013

By: */s/ Papool S. Chaudhari*
Papool S. Chaudhari
Texas State Bar No. 24076978
**Reyes | Browne | Reilley**
5950 Berkshire Lane, Suite 410
Dallas, TX 75225
Phone: (214) 526-7900
Fax: (214) 526-7910
papool@reyeslaw.com

OF COUNSEL (*pro hac vice* application forthcoming)
Jeremy S. Pitcock
PITCOCK LAW GROUP
1501 Broadway, 12th Floor
New York, NY 10036
(646) 571-2237
jpitcock@pitcocklawgroup.com

[3]

**ATTORNEYS FOR PLAINTIFF**
**PERSONAL AUDIO, LLC**

# EXHIBIT 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC, | § | |
| *Plaintiff,* | § | |
| v. | § | CASE NO. 2:13-CV-013-JRG |
| | § | |
| TOGI ENTERTAINMENT, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendant.* | § | |

## DEFENDANT TOGI ENTERTAINMENT INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Togi Entertainment, Inc. ("Defendant") hereby sets forth its Answer,

Affirmative Defenses and Counterclaims to the Complaint of Plaintiff Personal Audio, LLC

("Plaintiff") as follows:

1.     Defendant admits that Plaintiff purports to state a cause of action for patent infringement, but denies that Plaintiff has any viable claim thereunder.

## PARTIES

2.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and such allegations are therefore denied.

3.     Defendant admits that it is a Texas corporation with its principal place of business at 620 N. Main, Lindale, Texas 75771. Otherwise denied.

## JURISDICTION AND VENUE

4.     Defendant admits that Plaintiff purports to state a cause of action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, but denies that Plaintiff has any viable claim thereunder. Defendant further admits that this Court has jurisdiction over the subject matter of Plaintiff's Complaint, but denies the legal sufficiency of Plaintiff's claims and allegations.

1

5.      Defendant admits that venue is proper in this District, and that Defendant has transacted business in this District.  Otherwise denied.

6.      Defendant admits that this Court has personal jurisdiction over Defendant.  Otherwise denied.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,112,504

7.      Defendant admits that U.S. Patent No. 8,112,504 is entitled "System for Disseminating Media Content Representing Episodes in a Serialized Sequence," that it issued on Feb. 7, 2012, and that a purported copy of the '504 Patent is attached to Plaintiff's Complaint as Exhibit A.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7, and such allegations are therefore denied.

8.      Defendant denies the allegations of Paragraph 8.  Defendant states that the '504 Patent speaks for itself.

9.      Defendant admits that it provides a podcast of several different shows.  Defendant denies the remaining allegations of Paragraph 9.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief sought in its prayer.

### GENERAL DENIAL

Except as expressly admitted herein, Defendant denies each and every allegation contained in Plaintiff's Complaint.

### AFFIRMATIVE AND OTHER DEFENSES

Defendant, without waiver, limitation or prejudice, hereby asserts as its Affirmative and other Defenses to Plaintiff's Complaint as follows:

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Defendant has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to Plaintiff.

### Second Affirmative Defense

The claims of the '504 Patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Affirmative Defense

Defendant has not directly or indirectly literally infringed, contributed to the infringement of, infringed through the doctrine of equivalents or otherwise, nor induced others to infringe, any valid and enforceable claim of the '504 Patent.

### Fourth Affirmative Defense

By reason of proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications which resulted in the issuance of the '504 Patent, Plaintiff is estopped from claiming infringement by Defendant of one or more claims of the '504 Patent.

### Fifth Affirmative Defense

Plaintiff's claim of willful infringement is not pleaded with sufficient specificity or factual support to put Defendant on notice as to the claim being made and also therefore fails to state a claim on which relief can be granted.

### Sixth Affirmative Defense

Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against Defendant pursuant to 35 U.S.C. § 285.

3

## RESERVATION OF RIGHTS

Defendant reserves the right to add any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant Togi Entertainment, Inc. ("Defendant") hereby asserts as its Counterclaims to Plaintiff Personal Audio LLC's ("Plaintiff") Complaint as follows:

## NATURE AND BASIS OF ACTION

1.      These Counterclaims seek a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, that Defendant does not infringe any valid, enforceable claim of the '504 Patent, and that the '504 Patent is invalid.

## PARTIES, JURISDICTION, VENUE AND FACTUAL ALLEGATIONS

2.      Defendant is a Texas corporation with its principal place of business at 620 N. Main, Lindale, Texas 75771.

3.      According to Paragraph 2 of Plaintiff's Complaint, Plaintiff Personal Audio, LLC is a limited liability company with a principal place of business at 550 Fannin Street, Suite 500, Beaumont, Texas 77701.

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this case arises under the United States Patent Act, 35 U.S.C. § 1 *et. seq.*

5.      This Court has personal jurisdiction over Plaintiff by virtue of the fact that it has submitted to the jurisdiction of this Court by bringing the instant action. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

6. On January 7, 2013, Plaintiff filed suit in this Court against Defendant, alleging infringement of U.S. Patent No. 8,112,504.

## COUNT I

### Declaration of Non-Infringement of the '504 Patent

7. Defendant incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of Paragraphs 1-6 of the Counterclaims above, inclusive.

8. By virtue of Plaintiff's filing of the Complaint herein, an actual controversy exists between Defendant and Plaintiff with respect to Plaintiff's alleged infringement of the '504 Patent.

9. Defendant is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, literally or under the doctrine of equivalents, any valid, enforceable claim of the '504 Patent.

## COUNT II

### Declaration of Invalidity of the '504 Patent

10. Defendant incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of Paragraphs 1-6 of the Counterclaims above, inclusive.

11. By virtue of Plaintiff's filing of the Complaint herein, an actual controversy exists between Defendant and Plaintiff with respect to the validity of the '504 Patent.

12. Defendant is entitled to a judicial declaration and order that the '504 Patent is invalid.

## JURY DEMAND

Defendant/Counterclaimant Togi Entertainment, Inc. respectfully demands a jury for all claims, defenses, and counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered and defended, Defendant prays that:

(1) Plaintiff recover nothing by its Complaint;

(2) Plaintiff's Complaint be dismissed in its entirety with prejudice, and judgment be entered for Defendant and against Plaintiff on each and every count of the Complaint;

(3) The Court enter a declaratory judgment that the '504 Patent is invalid;

(4) The Court enter a declaratory judgment that Defendant has not and does not infringe, contributorily infringe, or induce infringement of the '504 Patent, and that Defendant does not infringe the '504 Patent under the doctrine of equivalents;

(5) The Court finds this to be an exceptional case pursuant to 35 U.S.C. § 285 and award Defendant its reasonable attorneys' fees;

(6) All costs be taxed against Plaintiff; and

(7) Defendant be granted such other different and additional relief as this Court deems just and proper.

Dated: March 4, 2013                    Respectfully submitted,


    /s/ Bill Frizzell
BILL FRIZZELL
FRIZZELL LAW FIRM
6653 OAK HILL BLVD.
TYLER, TEXAS 75703
903-595-1921 PHONE
903-595-4383 FAX

ATTORNEY FOR DEFENDANT
TOGI ENTERTAINMENT, INC.

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 4, 2013, all who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Bill Frizzell
Bill Frizzell

# EXHIBIT 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

PERSONAL AUDIO, LLC,

        Plaintiff,

v.

        Case No. 2:13-CV-13-JRG-RSP
        **LEAD CASE**

TOGI ENTERTAINMENT, INC;
        Defendants.

WHEREAS, Plaintiff Personal Audio, LLC and Defendants, Togi Entertainment, Inc.,

Howstuffworks.Com, CBS Corporation, and NBCUniversal Media, Inc. hereafter referred to as

"the Parties," believe that certain information that is or will be encompassed by discovery

demands by the Parties involves the production or disclosure of trade secrets, confidential

business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance

with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.     Each Party may designate as confidential for protection under this Order, in whole or in

    part, any document, information or material that constitutes or includes, in whole or in

    part, confidential or proprietary information or trade secrets of the Party or a Third Party

    to whom the Party reasonably believes it owes an obligation of confidentiality with

    respect to such document, information or material ("Protected Material"). Protected

    Material shall be designated by the Party producing it by affixing a legend or stamp on

    such document, information or material as follows: "CONFIDENTIAL." The word

    "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material

    (except deposition and hearing transcripts) for which such protection is sought. For

1

deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.  Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.  With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.  A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED -

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE")

may be made at any time. Inadvertent or unintentional production of documents,

information or material that has not been designated as DESIGNATED MATERIAL

shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

Any party that inadvertently or unintentionally produces Protected Material without

designating it as DESIGNATED MATERIAL may request destruction of that Protected

Material by notifying the recipient(s), as soon as reasonably possible after the producing

Party becomes aware of the inadvertent or unintentional disclosure, and providing

replacement Protected Material that is properly designated. The recipient(s) shall then

destroy all copies of the inadvertently or unintentionally produced Protected Materials

and any documents, information or material derived from or based thereon.

5.   "CONFIDENTIAL" documents, information and material may be disclosed only to the

following persons, except upon receipt of the prior written consent of the designating

party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)   outside counsel of record in this Action for the Parties;

(b)   employees of such counsel assigned to and reasonably necessary to assist such
counsel in the litigation of this Action;

(c)   in-house counsel for the Parties who either have responsibility for making
decisions dealing directly with the litigation of this Action, or who are assisting
outside counsel in the litigation of this Action;

(d)   up to and including three (3) designated representatives of each of the Parties to
the extent reasonably necessary for the litigation of this Action, except that either
party may in good faith request the other party's consent to designate one or more
additional representatives, the other party shall not unreasonably withhold such
consent, and the requesting party may seek leave of Court to designate such
additional representative(s) if the requesting party believes the other party has
unreasonably withheld such consent;

(e)   outside consultants or experts (i.e., not existing employees or affiliates of a Party
or an affiliate of a Party) retained for the purpose of this litigation, provided that:

3

(1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)     the Court and its personnel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions

4

shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.   To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED - ¬ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9.   For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-g).

10.  For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)   Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (h and k) below. Additionally, except as provided in paragraph 10(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel;

(b)   The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-along computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

5

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)     Access to Protected Material designated RESTRICTED CONFIDENTIAL ¬SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)     Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)     The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

(i)     Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(j)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert.

[2] 2 For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

(k)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

11.     Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not (1) prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals or (2) participate or assist with any reexamination or *inter partes* review proceeding relating to the patents-in-suit on behalf of a patent owner . To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or

7

its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit participate or assist with any reexamination or *inter partes* review proceeding relating to the patents-in-suit on behalf of a patent owner.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents,

8

information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with

9

the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and

the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts

11

incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of

12

any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27.   Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

SO ORDERED.

**SIGNED this 23rd day of August, 2013.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

13

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

PERSONAL AUDIO, LLC,

      Plaintiff,

v.

      Case No. 2:13-CV-13-JRG-RSP
      **LEAD CASE**

TOGI ENTERTAINMENT, INC;
      Defendants.

## APPENDIX A
## UNDERTAKING OF EXPERTS OR CONSULTANTS
## REGARDING PROTECTIVE ORDER

I, _____, declare that:

1. My address is_____ My current employer is_____; My current occupation

is_____.

2. I have received a copy of the Protective Order in this action. I have carefully read and

understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence,

will not disclose to anyone not qualified under the Protective Order, and will use only for

purposes of this action any information designated as "CONFIDENTIAL,"

"RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things

designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or

"RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and

all documents and things that I have prepared relating thereto, to the outside counsel for

the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:

_____

# EXHIBIT 6

| | |
|---|---|
| **From:** | Ranieri, Vera (Assoc-SFO-IP-Tech) |
| **Sent:** | Wednesday, January 22, 2014 11:25 AM |
| **To:** | 'Jeremy Pitcock' |
| **Cc:** | Brown, Nicholas A. (Shld-SFO-IP-Tech) |
| **Subject:** | RE: Personal Audio v. Togi Entm't - Subpoena to Electronic Frontier Foundation |

Dear Mr. Pitcock,

EFF is disappointed that Personal Audio has renewed its demands for a deposition only one day after it withdrew its previous subpoena after EFF objected. EFF is also disappointed to see that the renewed topics vary little, if at all, from the topics for which information was previously sought. The amendments cure none of the many serious problems with the subpoena. For example, although you purport to limit Topics 7 & 8 to non-privileged material you made no such limitation to the broader Topic 6.

We are especially disappointed that Personal Audio has renewed its demand for the identity of EFF's donors. That information is plainly protected by the First Amendment privilege. *See, e.g., Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am., & Its Locals 1093, 558 & 25 v. Nat'l Right to Work Legal Def. & Ed. Found., Inc.*, 590 F.2d 1139, 1152 (D.C. Cir. 1978)* ("Without doubt, the association itself may assert the right of its members and contributors to withhold their connection with the association.") Moreover, to the extent Personal Audio seeks to discover whether any defendants in the Eastern District of Texas litigation have donated to EFF's Save Podcasting campaign, Personal Audio can request that information directly from those defendants themselves. Personal Audio has no basis whatsoever for invading the associational rights of hundreds of EFF's members and donors.

In light of the fact that the topics of the subpoena are little changed from the topics we previously met and conferred about, EFF maintains all of its previous objections and will be moving to quash the subpoena in its entirety.

Regards,

Vera Ranieri

**Vera Ranieri**
Associate
Greenberg Traurig, LLP | 4 Embarcadero Ctr, Ste. 3000 | San Francisco, CA 94111-5983
Tel 415.655.1259
ranieriv@gtlaw.com | www.gtlaw.com

**GT** GreenbergTraurig

**From:** Jeremy Pitcock [mailto:jeremypitcock@hotmail.com]
**Sent:** Thursday, January 16, 2014 10:03 AM
**To:** Ranieri, Vera (Assoc-SFO-IP-Tech)
**Cc:** Brown, Nicholas A. (Shld-SFO-IP-Tech)
**Subject:** RE: Personal Audio v. Togi Entm't - Subpoena to Electronic Frontier Foundation

Ms. Ranieri:

We hereby withdraw our subpoena. We reserve the right to serve a modified subpoena in the future.

Best regards,

Jeremy

From: ranieriv@gtlaw.com
To: jeremypitcock@hotmail.com
CC: brownn@gtlaw.com
Subject: RE: Personal Audio v. Togi Entm't - Subpoena to Electronic Frontier Foundation
Date: Wed, 15 Jan 2014 22:30:39 +0000

Dear Mr. Pitcock,

Thank you for agreeing to limit, at least in part, the information sought via the subpoena served on EFF. Unfortunately however, we continue to believe that the subpoena is improper, not only because it seeks information protected by the First Amendment, but also because it seeks information that is not discoverable via subpoena (e.g. communications protected by the work product privilege). Unless Personal Audio agrees to withdraw the subpoena in its entirety, we will be moving to quash.

Regards,

Vera

**Vera Ranieri**
Associate
Greenberg Traurig, LLP | 4 Embarcadero Ctr, Ste. 3000 | San Francisco, CA 94111-5983
Tel 415.655.1259
ranieriv@gtlaw.com | www.gtlaw.com

**GT** GreenbergTraurig

**From:** Jeremy Pitcock [mailto:jeremypitcock@hotmail.com]
**Sent:** Tuesday, January 14, 2014 10:34 PM
**To:** Ranieri, Vera (Assoc-SFO-IP-Tech)
**Cc:** Brown, Nicholas A. (Shld-SFO-IP-Tech)
**Subject:** RE: Personal Audio v. Togi Entm't - Subpoena to Electronic Frontier Foundation

Ms. Rainieri:

I wanted to follow up on our discussion last week, in a hope to avoid expensive motion practice if possible.

During our discussions, I believe you wished to cite *Perry v. Schwartnegger*, 591 F.3d 1147 (9th Cir. 2009) as standing for the proposition that a First Amendment privilege extended to communications between the EFF and third parties. However, there have been several "Perry" cases, as you noted during our call, so I may not have the citation you wished -- please feel free to let me know if you intended a different citation.

However, that case held that only communications between a "core group of associated persons" could be subject to claims of First Amendment privilege. Our subpoena specifically requests communications between the EFF and third parties. Is it your position that the EFF and all third parties who may be involved in litigation or the effort to invalidate our patent are part of a "core group?" Please identify the "core group of associated persons" that is making the claim of qualified First Amendment privilege.

Also, just so that we are clear, we do not have any interest in information not directly related to our patent. For example, any communications regarding patents or the patent system generally we would agree are outside the scope of our subpoena.

I am available for a call this afternoon or tomorrow. Please let me know when you are available. I look forward to trying to resolve these issues amicably, if possible.

Best regards,

Jeremy

---

From: ranieriv@gtlaw.com
To: jeremypitcock@hotmail.com
CC: brownn@gtlaw.com
Subject: RE: Personal Audio v. Togi Entm't - Subpoena to Electronic Frontier Foundation
Date: Thu, 9 Jan 2014 19:02:31 +0000

Thank you. If you could forward the best number to reach you at, we will call you then.

Regards,

Vera

**Vera Ranieri**
Associate
Greenberg Traurig, LLP | 4 Embarcadero Ctr, Ste. 3000 | San Francisco, CA 94111-5983
Tel 415.655.1259
ranieriv@gtlaw.com | www.gtlaw.com



**From:** Jeremy Pitcock [mailto:jeremypitcock@hotmail.com]
**Sent:** Thursday, January 09, 2014 10:34 AM
**To:** Ranieri, Vera (Assoc-SFO-IP-Tech)
**Cc:** Brown, Nicholas A. (Shld-SFO-IP-Tech)
**Subject:** RE: Personal Audio v. Togi Entm't - Subpoena to Electronic Frontier Foundation

I apologize for sending this late, but I have a new baby and I am a bit sleep deprived. I am available for a conversation today at the time you suggested.

Best regards,

Jeremy

From: ranieriv@gtlaw.com
To: jeremypitcock@hotmail.com
CC: brownn@gtlaw.com
Subject: RE: Personal Audio v. Togi Entm't - Subpoena to Electronic Frontier Foundation
Date: Wed, 8 Jan 2014 00:01:22 +0000

Mr. Pitcock,

We suggest a call on Thursday, January 9 at 1 p.m. Pacific time to meet and confer regarding the deposition subpoena. Please let us know if the suggested time works for you. If not, please propose an alternative time. We do not wish Personal Audio to incur costs unnecessarily, thus we note that if the parties are not able to agree, EFF will be filing a motion to quash the subpoena.

Regards,
**Vera Ranieri**
Associate
Greenberg Traurig, LLP | 4 Embarcadero Ctr, Ste. 3000 | San Francisco, CA 94111-5983
Tel 415.655.1259
ranieriv@gtlaw.com | www.gtlaw.com



**From:** Jeremy Pitcock [mailto:jeremypitcock@hotmail.com]
**Sent:** Tuesday, January 07, 2014 11:40 AM
**To:** Ranieri, Vera (Assoc-SFO-IP-Tech)
**Cc:** Brown, Nicholas A. (Shld-SFO-IP-Tech)
**Subject:** RE: Personal Audio v. Togi Entm't - Subpoena to Electronic Frontier Foundation

Ms. Rainieri:

I am willing to meet and confer with you regarding the deposition on the 17th, but please provide some authority for the objections in your email. For example, the '504 patent is at issue in the Texas Action. Much of the prior art cited by the Defendants in the Texas Action was also cited by the EFF. Therefore, to claim the Texas Action is "unrelated" seems unfounded. Moreover, seeking information about communications regarding the '504 patent does not implicate expert testimony, and certainly is not "improper." I would also note that the federal government requires reporting on donors from non-profit organizations, so to claim that there is a First Amendment privilege against providing such information appears specious.

Once you have provided any relevant authority, I will be pleased to meet and confer with you to try and resolve any remaining troublesome areas. But whether you agree with our topics or not, the deposition will go forward on the 17th. If we are forced to compel relevant testimony, we reserve the right to seek any appropriate remedies, including recovering the expense involved in having to take a second deposition.

Best regards,

Jeremy

From: ranieriv@gtlaw.com
To: jeremyipitcock@hotmail.com; jpitcock@pitcocklawgroup.com
CC: brownn@gtlaw.com
Subject: RE: Personal Audio v. Togi Entm't - Subpoena to Electronic Frontier Foundation
Date: Mon, 6 Jan 2014 22:12:23 +0000

Mr. Pitcock,

First, thank you for agreeing to extend the deadline to respond to the deposition subpoena, previously set for January 10, 2014, to January 17, 2014. This date is accepted by EFF.

However, upon review of the deposition topics, we are concerned that the subpoena is inappropriate. Specifically, and without limitation, topics 1-4 improperly seek communications between EFF and third parties unrelated to Case No. 2:13-cv-13, E.D. Tex. (the "Texas Action"). Topics 1-4, and 6-8 seek information for which EFF is not a percipient witness. For example, the scope and content of the prior art and the interpretation of claims is expert testimony. Topic 5 is improper as it requests information protected by the First Amendment. As a whole, the deposition subpoena is improper as it seeks privileged information for which no exception or waiver applies and as it seeks information irrelevant to the Texas Action.

We would like to meet and confer regarding the subpoena to determine whether the parties can agree to narrow its scope. I am available to discuss any time this week except Wednesday afternoon Pacific time. We do not wish for Personal Audio to expend time and resources to travel to San Francisco for the deposition on January 17, 2014 if no agreement between the parties can be reached.

Please let me know when you would like to meet and confer.

Kind regards,

Vera

**Vera Ranieri**
Associate
Greenberg Traurig, LLP | 4 Embarcadero Ctr, Ste. 3000 | San Francisco, CA 94111-5983
Tel 415.655.1259
ranieriv@gtlaw.com | www.gtlaw.com

**From:** Jeremy Pitcock [mailto:jeremyipitcock@hotmail.com]
**Sent:** Monday, December 30, 2013 7:37 AM
**To:** Ranieri, Vera (Assoc-SFO-IP-Tech); Jeremy Pitcock
**Cc:** Brown, Nicholas A. (Shld-SFO-IP-Tech)
**Subject:** RE: Personal Audio v. Togi Entm't - Subpoena to Electronic Frontier Foundation

I will call you tomorrow. Safe travels!

Best regards,

Jeremy

From: ranieriv@gtlaw.com
To: jeremypitcock@hotmail.com; jpitcock@pitcocklawgroup.com
CC: brownn@gtlaw.com
Subject: RE: Personal Audio v. Togi Entm't - Subpoena to Electronic Frontier Foundation
Date: Mon, 30 Dec 2013 15:29:36 +0000
Mr. Pitcock,

Unfortunately I am travelling internationally today, but I will be available to speak tomorrow.  Please call me at the number below at your convenience any time after 10 am Pacific time.

Kind regards,

Vera Ranieri

**Vera Ranieri**
Associate
Greenberg Traurig, LLP | 4 Embarcadero Ctr, Ste. 3000 | San Francisco, CA 94111-5983
Tel 415.655.1259
ranieriv@gtlaw.com | www.gtlaw.com



**From:** Jeremy Pitcock [mailto:jeremypitcock@hotmail.com]
**Sent:** Monday, December 30, 2013 10:21 AM
**To:** Ranieri, Vera (Assoc-SFO-IP-Tech); Jeremy Pitcock
**Cc:** Brown, Nicholas A. (Shld-SFO-IP-Tech)
**Subject:** RE: Personal Audio v. Togi Entm't - Subpoena to Electronic Frontier Foundation



Best regards,

Jeremy

**The Pitcock Law Group**
www.pitcocklawgroup.com
jpitcock@pitcocklawgroup.com
(845) 215-9911 (work)
(845) 215-9912 (fax)
(917) 858-9109 (cell)
skype: jeremy.pitcock

Ms. Ranieri:

We would be willing to accomodate an extension to a date the following week, if that were more convenient for you and/or the witness. However, due to pending deadlines, we cannot agree to the extension you proposed.

I will call you this afternoon my time to see if we can reach a reasonable accomodation. Unfortunately, I have an appointment out of the office this morning.

6

Best regards,

Jeremy

---

From: ranieriv@gtlaw.com
To: jpitcock@pitcocklawgroup.com
CC: brownn@gtlaw.com
Subject: RE: Personal Audio v. Togi Entm't - Subpoena to Electronic Frontier Foundation
Date: Mon, 30 Dec 2013 14:45:05 +0000
Mr. Pitcock,

We have not yet heard from you regarding our request.  Please let us know whether you will agree to move the response date.

Kind regards,

Vera Ranieri

**Vera Ranieri**
Associate
Greenberg Traurig, LLP | 4 Embarcadero Ctr, Ste. 3000 | San Francisco, CA 94111-5983
Tel 415.655.1259
ranieriv@gtlaw.com | www.gtlaw.com



**From:** Ranieri, Vera (Assoc-SFO-IP-Tech)
**Sent:** Monday, December 23, 2013 3:16 PM
**To:** jpitcock@pitcocklawgroup.com
**Cc:** Brown, Nicholas A. (Shld-SFO-IP-Tech)
**Subject:** Personal Audio v. Togi Entm't - Subpoena to Electronic Frontier Foundation

Mr. Pitcock,

My firm represents the Electronic Frontier Foundation regarding the subpoena that EFF received on December 20, 2013 in relation to Case No. 2:13-cv-13 (E.D. Tex.).  Given the holidays, we are requesting an extension to the compliance date for the subpoena until January 31, 2014 at 9 am.  Please let us know if you agree.

Kind regards,

Vera Ranieri

**Vera Ranieri**
Associate
Greenberg Traurig, LLP | 4 Embarcadero Ctr, Ste. 3000 | San Francisco, CA 94111-5983
Tel 415.655.1259
ranieriv@gtlaw.com | www.gtlaw.com

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate such information. Pursuant to IRS Circular 230, any tax advice in this email may not be used to avoid tax penalties or to promote, market or recommend any matter herein.