Papool Chaudhari (California Bar No. 241346, admitted to this Court)
Papool@ChaudhariLaw.com
Chaudhari Law, PLLC
P.O. Box 1863
Wylie, Texas 75908
Telephone: (214) 702-1150
Facsimile: (214) 705-3775

Attorney for Plaintiff,
**PERSONAL AUDIO, LLC**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSONAL AUDIO, LLC,<br><br>Plaintiff,<br>v.<br><br>TOGI ENTERTAINMENT, INC. et al.<br><br>Defendant. | ACTION NO. 3:14-mc-80025-RS<br><br>**DECLARATION OF JEREMY S. PITCOCK IN SUPPORT OF PLAINTIFF'S OPPOSITION TO THIRD PARTY ELECTRONIC FRONTIER FOUNDATION'S NOTICE OF MOTION AND MOTION TO QUASH AND FOR PROTECTIVE ORDER**<br><br>Date: Wednesday, Mar. 5, 2014<br>Time: 1:00 p.m.<br>Dept.: Courtroom A, 15th Floor<br><br>Judge: Honorable Nathanael Cousins |

I, Jeremy S. Pitcock, declare as follows:

1. My name is Jeremy S. Pitcock. I am over the age of twenty-one (21) years, am competent to testify on the matters stated herein, have personal knowledge of the facts and statements in this declaration and declare that each of the facts is true and correct.

2. I provide this declaration in support of Plaintiff Personal Audio, LLC's opposition to Third Party Electronic Frontier Foundation's ("EFF") Motion to Quash and for Protective Order.

3. I am a lead counsel for Plaintiff Personal Audio, LLC in litigations pending in the United States District Court, Eastern District of Texas, consolidated for pre-trial into lead case 2:13-cv-13, *Personal Audio, LLC v. Togi Entertainment, Inc. et al.*

4. I have reviewed Third Party Electronic Frontier Foundation's Motion to Quash and for Protective Order and the accompanying affidavits.

5. On December 20, 2013, I executed a subpoena to the EFF on behalf of Personal Audio, LLC. This subpoena was later withdrawn and reissued on January 17, 2014.

6. On December 31, 2013, I spoke with Ms. Vera Ranieri of Greenberg Traurig LLP, who represented herself as counsel for the EFF in connection with the original subpoena Personal Audio.

7. During that conversation, Ms. Ranieri requested an extension to respond to the subpoena to January 31, 2014. I explained that Personal Audio sought to take the deposition before certain deadlines in *Electronic Frontier Foundation v. Personal Audio*, IPR2014-00070, Patent Trial and Appeal Board (the "PTO Action") and *Fox Networks Group v. Personal Audio, LLC*, Case No. 1:13-cv-11794 (D. Mass) (the "Massachusetts Case").

8. However, I did not state that the information was needed for Personal Audio's response to EFF's petition for *inter partes* review or in relation to a motion hearing and case management conference in the Massachusetts case. While I did want to complete the deposition because I believed in good faith that the information obtained may very well be useful in the litigation pending in Texas and elsewhere and wanted to take it earlier rather than later, I did not believe that the deposition was necessary to either of those proceedings, and in fact, despite the refusal of the EFF to provide a deponent, Personal Audio has had no trouble responding to the various requirements in the multiple proceedings.

9. As shown in Exhibit 6 to the Ranieri Affidavit, which is a true and correct copy of the correspondence between myself and Ms. Ranieri, our communications were limited to discovery for the Texas action.

10. As discussed in the Motion by the EFF, I, as counsel for Personal Audio, LLC, am

subject to a prosecution bar that prohibits any involvement by myself in the IPR. I have nothing to do with those proceedings, accordingly.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on this 17th day of February 2014, in Plano, Texas.

_____
Jeremy S. Pitcock