1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| PERSONAL AUDIO LLC,<br><br>Plaintiff,<br><br>v.<br><br>TOGI ENTERTAINMENT, INC., and others,<br><br>Defendants. | Case No. 14-mc-80025 RS (NC)<br><br>**ORDER GRANTING NON-PARTY<br>EFF'S MOTION TO QUASH**<br><br>Re: Dkt. No. 1 |

        Non-party Electronic Frontier Foundation moves to quash a deposition subpoena

served by Personal Audio.  The issues before the Court are whether the discovery that

Personal Audio seeks is relevant to collateral estoppel and whether it could be obtained

from a more convenient source.  Because Personal Audio has not established that this

discovery is relevant or could not be obtained from parties to the underlying patent case, the

Court GRANTS EFF's motion to quash the subpoena.

### BACKGROUND

        Plaintiff Personal Audio sued several defendants in the Eastern District of Texas,

claiming that defendants infringed Personal Audio's U.S. Patent 8,112,504 ("the '504

patent").  Dkt. No. 8 at 6.  Non-party Electronic Frontier Foundation ("EFF") filed an Inter

Partes Review ("IPR") in the United States Patent and Trademark Office challenging the validity of the '504 Patent. *Id.* at 8.

Personal Audio issued a deposition subpoena to EFF on December 20, 2013, and issued a slightly revised subpoena on January 17, 2014. *Id.* The subpoena includes topics aimed at determining "whether the EFF was acting under the control, direction or influence of any Defendants in the Texas case when it filed the IPR." *Id.* For example, one topic seeks testimony regarding "[a]ny communications between the EFF and Defendants" and another seeks "[i]dentification of the names of all Persons who donated or contributed [to EFF's IPR] and Identification of the amounts contributed by each Person." Dkt. No. 8-1 at 181-82. Other topics are aimed at gathering information on EFF's preparation of the IPR, including one topic seeking testimony regarding "[i]dentification of any Information Concerning any prior art" and another related to "[a]ny non-privileged communications regarding the prior art cited in any proceedings in the Patent and Trademark Office Concerning the '504 patent." *Id.*

EFF filed the instant motion to quash on January 29, 2014, and the court heard oral argument on March 5, 2014. Dkt. Nos. 1, 10. The Court granted the motion to quash at the hearing and now issues this order elaborating on the Court's reasoning.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. Rule 45 provides that a party may command a non-party to testify at a deposition and "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 26 allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Information is relevant when it will be admissible at trial or when the evidence is "reasonably calculated to lead to the discovery of admissible evidence." *Id.* The Rule 26 relevancy standard also applies to third-party subpoenas. *Beinin v. Ctr. for Study of Popular Culture*, No. 06-cv-02298 JW (RS), 2007 WL 832962, at *2 (N.D. Cal. Mar. 16, 2007).

To determine whether a subpoena should be enforced, the Court is guided by both Rule 45, which protects a subpoenaed party from "undue burden," and Rule 26, which provides that the court must limit discovery if "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 45(d)(1); Fed. R. Civ. P. 26(b)(2)(C)(i). A party or lawyer responsible for issuing and serving a subpoena therefore must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(c)(1). In turn, the court "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii).

The court may modify or quash a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). On a Rule 45 motion to quash a subpoena, the moving party has the burden of persuasion, but the party issuing the subpoena must demonstrate that the discovery sought is relevant. *EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.,* No. 12-cv-80082 LHK (PSG), 2012 WL 1980361, at *1 (N.D. Cal. June 1, 2012).

## DISCUSSION

EFF moves to quash on the bases that Personal Audio's subpoena seeks irrelevant information, asks for information protected by the First Amendment, requests information protected by the attorney-client privilege and work product doctrine, and improperly seeks unretained expert testimony. Dkt. No. 1. Because the Court finds that Personal Audio's motion to quash must be granted on relevance and burden grounds, the Court does not address EFF's other arguments regarding First Amendment protection, privilege, and expert testimony.

**A.     Personal Audio Fails To Show How Discovery Is Relevant To Prove Collateral Estoppel Under 35 U.S.C. § 315(e)(2).**

Personal Audio argues that if defendants in the Texas action induced EFF to file the IPR petitions, defendants will be collaterally estopped from asserting their invalidity defenses in the district court. Dkt. No. 8 at 5-8. The Court finds that discovery related to

collateral estoppel is premature and irrelevant at this stage because the PTAB has yet to issue a final written decision in the IPR proceedings.

Section 315(e)(2) governs collateral estoppel resulting from IPR proceedings:

> The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a), or the real party in interest or privy of the petitioner, may not request or maintain a proceeding before the Office with respect to that claim on any ground that the petitioner raised or reasonably could have raised during that inter partes review.

35 U.S.C. § 315(e)(2). The plain language of an IPR "that results in a final written decision" within § 315(e)(2) suggests that estoppel applies once there is a final written decision and not before that time. "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979) (citation omitted). Given that the phrase "that results in a final written decision" has not been otherwise defined, the Court gives § 315(e)(2) its ordinary meaning: the IPR must give a final written decision before a party may be collaterally estopped from asserting a claim that it could have raised during the IPR. The federal register confirms this reading, stating that § 315(e)(2) provides for estoppel "if that inter partes review results in a final written decision . . . ." Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents, 77 Fed. Reg. 48680, 48683 (Aug. 14, 2012) (codified at 37 C.F.R. § 42.100 *et seq.*).

This Court recently addressed this issue under nearly identical circumstances and found that discovery regarding collateral estoppel was premature when the PTAB had not issued a final decision in an IPR proceeding. *Virnetx, Inc. v. Apple, Inc.*, No. 14-mc-80013 RS (NC), Dkt. No. 25 (N.D. Cal. Mar. 21, 2014). Although the issue was one of first impression, the undersigned judge found that the only available case law suggested that the Court's interpretation of the plain language is correct. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501 SI, 2014 WL 121640, at *3 (N.D. Cal. Jan. 13, 2014) (stating that "estoppel applies once [the] PTAB issues its final decision . . . ."); *Software Rights Archive, LLC v. Facebook, Inc.*, No. 12-cv-03970 RMW, 2013 WL 5225522, at *2

1  (N.D. Cal. Sept. 17, 2013) (noting that § 315(e)(2) provides that "*[f]ollowing a final*

2  *determination in an IPR*, petitioner is estopped from asserting in a later district court or

3  International Trade Commission action that a 'claim is invalid on any ground that the

4  petitioner raised or reasonably could have raised during that inter partes review.'")

5  (emphasis added).

6        The § 315(e)(2) requirement of a final written decision before collateral estoppel

7  applies is a logical one because it avoids speculation and duplicative discovery.  For

8  example, Personal Audio's theory that EFF will be collaterally estopped from challenging

9  the validity of the patent claims relies on the premise that the PTAB will determine that the

10  '504 patent is valid and that Texas defendants are the real parties in interest to EFF's IPR

11  petition.  The Court will not assume that the PTAB will resolve these issues in Personal

12  Audio's favor.  The issue of whether EFF will be collaterally estopped from challenging the

13  validity of the patent claims is therefore irrelevant because it is premature.  *See Micro*

14  *Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990) (finding

15  "discovery may be denied where, in the court's judgment, the inquiry lies in a speculative

16  area.").

17  **B.**    **Personal Audio Fails To Show That Discovery Could Not Be Obtained From a**
   **More Convenient Source.**

18

19        Personal Audio half-heartedly argues that EFF should be subject to discovery beyond

20  that of a normal third party because it "inserted itself into this litigation" by filing an IPR

21  proceeding.  But Personal Audio cites no authority for this proposition and the Court finds

22  that the normal standards under Rule 45 and Rule 26 apply.

23        The discovery at issue seeks information regarding whether Texas defendants

24  contributed to EFF's IPR petition, either financially or by providing information regarding

25  prior art.  Such discovery is obtainable from a source more direct, more convenient, and less

26  burdensome – the Texas defendants themselves.  There is no reason to burden non-party

27  EFF when the information sought should be in the possession of the party defendants.  *See*

28  Fed. R. Civ. P. 26(b)(2)(C)(i).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV. CONCLUSION

For the reasons described, the Court GRANTS EFF's motion to quash Personal Audio's subpoena.  Any party may object to this decision to the District Court within 14 days of this order.  Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date:  March 31, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge